WALLACE, JUDGE:
The claimant, Joseph W. Carlile, filed this claim to recover for alleged damage to his property located adjacent to State Route 28 in Ridgely, West Virginia. The claimant maintains a home on the property which he also operated as a tavern prior to the time that the State performed construction work on Route 28. The claimant ceased operating the tavern in 1973. When the Department of Highways relocated State Route 28 in 1975, the Department used 2,225 square feet of the claimant’s property for a permanent *193 drainage easement pursuant to an Option signed by the claimant on July 17, 1975. The claimant has alleged that, as a result of the construction of the permanent drainage easement on his property, he has lost the use of the septic system serving his home and is now unable to operate the tavern in his building. He also claims that certain trees on his property were destroyed, and he lost the use of a spring in the construction area.
Respondent’s Exhibit 1 is a copy of the Option entered into by the claimant and the respondent wherein the claimant agreed to sell to the respondent a certain portion of his property for consideration recited as $450.00. At the hearing, the claimant testified that he had never received the consideration recited in the Option. He refused to accept the money because he had decided that $450.00 was insufficient consideration for the permanent drainage easement.
It would appear that the claimant, having failed to receive consideration for the permanent drainage easement constructed on his property, has an adequate remedy at law. Article 3, Section 9 of the Constitution of West Virginia provides “Private property shall not be taken or damaged for public use, without just compensation;. . .”. Condemnation statutes created by the Legislature provide property owners with the means to mandamus the Department of Highways in order to obtain just compensation for property taken by the State (See W.Va. Code, Chapter 54).
Accordingly, it is the opinion of this Court that, in accordance with W.Va. Code §14-2-14(5), the Court lacks jurisdiction of this claim; therefore, the claim is hereby disallowed.
Claim disallowed.